HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGETTE MCNABB, | CASE NO. 12-CV-6038-RBL |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF THE ARMY, et al., | [Dkt. #10, 18] |
| Defendants. | |

Plaintiff has brought suit disputing the payment of a life insurance policy issued to her late husband, Sergeant Barett McNabb. In 2011, Plaintiff and Sgt. McNabb separated, and while the dissolution was pending, McNabb changed the beneficiary of his life insurance policy to his new girlfriend. Plaintiff argues that the Army and Department of Veterans Affairs failed to make a "good faith" effort to notify her of the change, as required by the Servicemembers' Group Life Insurance Act ("SGLIA"), 38 U.S.C. § 1965 *et seq*. She argues the changes are therefore invalid, and she is the proper recipient of the funds. Defendants have moved to dismiss, arguing that the Court lacks subject matter jurisdiction, and that in any event, McNabb's changes to the policy are valid, regardless of notice.

|   |   |
|---|---|
| 1 | **I.     BACKGROUND** |
| 2 | **A.  Factual Allegations** |
| 3 | Plaintiff and Sgt. McNabb married in 1996.  In 1998, McNabb joined the Army and |
| 4 | served until his death in 2012. |
| 5 | On November 18, 2009, McNabb designated Plaintiff as the sole beneficiary of his |
| 6 | SGLIA life-insurance policy. (Compl. ¶ 2.6.) In March 2011, Plaintiff and McNabb separated, |
| 7 | the latter moving in with Defendant Smith, a superior officer in the United States Army. *Id.* ¶ |
| 8 | 2.8. In August 2011, McNabb filed for dissolution of his marriage . *Id.* ¶ 2.8. During the |
| 9 | dissolution, he was twice held in contempt of the court's order for him to provide spousal |
| 10 | support for Plaintiff. *Id.* ¶ 2.11. |
| 11 | On February 22, 2012, McNabb changed the policy's beneficiary, listing his son, Smith, |
| 12 | and her two children—removing Plaintiff. *Id.* ¶¶ 2.12-13. At the same time, McNabb submitted a |
| 13 | Record of Emergency Data to the Army, in which he listed Plaintiff's address as "UNKNOWN, |
| 14 | Centralia, WA US 00000." *Id.* ¶ 2.14. Plaintiff alleges that McNabb knew her correct address, |
| 15 | evidenced by a Christmas card he sent to their son at the correct address. *Id*. ¶ 2.15.  The Army |
| 16 | mailed notice of the beneficiary change to the "unknown" address, and consequently, Plaintiff |
| 17 | was not notified. |
| 18 | In June 2012, McNabb died in Afghanistan. Plaintiff sent letters to the Army and the |
| 19 | Department of Veterans Affairs, claiming benefits under the policy.  On July 10, 2012, Plaintiff |
| 20 | filed a claim for benefits with Defendant Prudential, the provider under the policy.  Prudential |
| 21 | denied the claims because Plaintiff was not a listed beneficiary. |
| 22 | On August 16, 2012, the Army responded to Plaintiff's letters stating the 2012 |
| 23 | designation was valid regardless of notification to Plaintiff. *Id.*  ¶ 2.24. |
| 24 |   |

### B. Plaintiff's Claims

Plaintiff alleges that the Army violated SGLIA by failing to make a good faith effort to notify Plaintiff of the beneficiary changes. 38 U.S.C. § 1967(f)(3)-(4).

Plaintiff alleges that the VA breached its contract to determine coverage under the SGLIA policy and by failing to approve coverage. *Id.* ¶ 5.3.

Lastly, Plaintiff alleges that Prudential breached its contract to provide death benefits in the amount of $400,000.

### C. Defendants' Motions to Dismiss

The Army and the VA contend that the Court lacks subject matter jurisdiction over the claims because Plaintiff has alleged no breach of an "illusory" obligation. *See generally* Defs.' Mot. to Dismiss at 4, Dkt. #10. Further, Defendants argue that McNabb's beneficiary designations are valid, regardless of the failure to notify Plaintiff. *Id.*

Similarly, Prudential contends that failure to notify Plaintiff does not invalidate the beneficiary designation. Therefore, Plaintiff is not entitled to death benefits. *See generally* Dkt. #18 (citing Dkt. #10).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants argue that Plaintiff alleges a violation of an "illusory" notification obligation under SGLIA, an obligation insufficient to support jurisdiction under 38 U.S.C. § 1975.

Under § 1975, "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States" brought under SGLIA. Thus, a plaintiff must allege "breach of an explicit or implicit duty under the SGLI subchapter." *Denton v. U.S.*, 638

F.2d 1218, 1220 (9th Cir. 1981).  Otherwise, such claims lie against the insurer, rather than the United States. *See* 38 C.F.R. § 9.13.  Plaintiff does, however, allege the violation of an explicit duty.

SGLIA requires written notification to a spouse of certain beneficiary changes:

> In the case of a member who is married and who is insured . . . , if the member makes a [policy] designation [under SGLIA] . . . of any person other than the spouse or a child of the member as the beneficiary of the member for any amount of insurance . . . , the Secretary concerned shall notify the member's spouse, in writing, that such a beneficiary designation has been made . . . .

38 U.S.C. § 1967(f)(3).  The secretary satisfies this obligation by making "a good faith effort to provide the required information to the spouse at the last address of the spouse in the records . . . ." *Id.* § 1967(f)(4).

Plaintiff alleges that the Army and the VA breached these obligations. Because Plaintiff alleges a breach of an express obligation, her allegations are sufficient to support subject matter jurisdiction under § 1975.

**B.  Notification**

Defendants argue that, regardless of jurisdiction, Plaintiff cannot state a claim because McNabb's beneficiary changes are valid—even absent notification.

To survive a 12(b)(6) motion, a complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783,785 (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

Defendants are correct. Under SGLIA, beneficiary changes are valid regardless of notification: "Failure to provide a notification required under this subsection in a timely manner does not affect the validity of any . . . beneficiary designation." 38 U.S.C. § 1967(f)(4). Thus, even assuming Defendants failed to make a good-faith effort to notify Plaintiff, McNabb's beneficiary changes are valid. Congress saw fit to give servicemembers the "absolute right to designate the policy beneficiary," and "[t]hat right is personal to the member alone." *Ridgway v. Ridgway*, 454 U.S. 46, 59–60 (1981). In doing so, they mandated notification, but provided no teeth to that mandate.

Because McNabb's designations are valid, the Court must conclude that Plaintiff's claim fail as a matter of law.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** the motion as to lack of subject matter jurisdiction and **GRANTS** the motions as to failure to state a claim upon which relief can be granted and dismisses Plaintiff's claims with prejudice.

Dated this 14th day of May, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE